IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| ERIC BLACKWELL, | : 3:03-cr-15 (HL) |
| Defendant. | : |

## ORDER

Defendant, Eric Blackwell, filed a document styled "Petition for Credit for time Served Before and after Federal Judgment of Committal Date" (Doc. 263), along with an affidavit in support of his Motion (Doc. 280). As the title of the filing suggests, Blackwell contends that the Bureau of Prisons has failed to give him proper credit for time served in jail while he was in federal custody, awaiting disposition of his federal case, and has also failed to give him proper credit for time on a state sentence that was to run concurrent with his federal sentence. The Court finds that it lacks jurisdiction to address the issues raised by Blackwell's Petition.

The calculation of a term of imprisonment, including credit for prior custody, is governed by 18 U.S.C.A. § 3585. The Bureau of Prisons, acting on behalf of the Attorney General, must make the determination of how much credit is to be given pursuant to § 3585. United States v. Wilson, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 1354-55 (1992). Because the Bureau of Prisons must make the determination in the first place as to how much credit is to be given under § 3585, a prisoner who believes he is entitled to more credit must pursue his administrative remedies with the Bureau of Prisons. See Wilson, 503 U.S. at 335, 112 S. Ct. at 1355. Only after a prisoner has exhausted his administrative remedies may he seek review of the Bureau's decision. Id. See also United States v. Williams, 425 F.3d 987, 990 (11th Cir.

2005) (holding same); United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991) (reversing district court's determination as to defendant's right to credit for prior custody because defendant did not exhaust administrative remedies with the Bureau of Prisons). When the prisoner fails to exhaust his administrative remedies, the district court is without jurisdiction to consider an application for credit. See Williams, 425 F.3d at 990; Herrera, 931 F.2d at 764.

Here, with regard to exhaustion of administrative remedies, Blackwell states that he "has begun to file the necessary paperwork and take the steps necessary to fulfill the BOP's prerequisites." (Pet. at 2.) Blackwell adds, however, that "it would be futile for him to exhaust administrative remedies since the government has already announced its disagreement with his request for credit against his federal sentence." (Pet. at 2.) Thus, Blackwell appears to recognize the need to exhaust his administrative remedies but suggests that he should be excused from the exhaustion requirement on the grounds of futility.

This Court need not address whether exhaustion can be excused on futility grounds, however, because this is not the proper court for Blackwell to bring a challenge to the calculation of his term of imprisonment. A challenge to the calculation of a term of imprisonment is a challenge to the execution of the sentence. Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (challenges to execution of a sentence include computation of a prisoner's sentence by prison officials). Challenges to the execution of a sentence are brought pursuant to 28 U.S.C.A. § 2241, in the district where the prisoner is incarcerated. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). Thus, Blackwell's challenge to the execution of his sentence must be brought in the district court having territorial jurisdiction over Edgefield, South Carolina, where he is presently incarcerated. Because this Court lacks jurisdiction to address Blackwell's challenge, his Petition for Credit of Time Served (Doc. 263) is hereby

dismissed.

      **SO ORDERED**, this the 12th day of June, 2008.

                                        *s/ Hugh Lawson*
                                        **HUGH LAWSON, Judge**

mls