IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| ERIC BLACKWELL, | :     3:03-cr-15 (HL) |
| Defendant. | : |

### ORDER

This matter is before the Court on Motion for Reconsideration (Doc. 284), as amended (Doc. 291), filed by Defendant Eric Blackwell.  After consideration, and as discussed more fully below, the Motion as amended is dismissed, in part, and denied, in part.

In 2003, Eric Blackwell entered a plea of guilty to the offense of conspiracy to possess with intent to distribute more than 50 grams of cocaine base.  Blackwell was sentenced on March 24, 2008, to a term of imprisonment of 130 months.  At the time he was arrested on the conspiracy charge, Blackwell was on parole for a state offense.  His parole was later revoked as a result of the new offense.  When Blackwell was sentenced in this case in 2004, the sentencing judge did not address whether Blackwell's time on the federal offense would run concurrent with his state parole sentence.

In a motion filed in 2006, Blackwell asserted that the federal sentence was ordered to run concurrent with the state parole sentence and moved the sentencing judge to award him prior jail credit.  The sentencing judge summarily denied Blackwell's motion for jail time credit, finding that Blackwell's federal sentence was *not* ordered to run concurrent with the sentence imposed for his state court parole violation.

Two years later, Blackwell filed a petition for credit for time served, which resulted in the order of dismissal at issue here in this motion for reconsideration. In the order on the petition for credit, the Court found that it lacked jurisdiction to consider the issues presented by Blackwell in his petition. It is that conclusion that is challenged here by Blackwell.

In his motion for reconsideration, Blackwell asserts, among other things, that this Court has the authority to amend his sentence to direct that it be served concurrently with his state sentence. This assertion is not correct. Once a final judgment of sentence has been entered, a district court's power to amend that sentence is extremely limited. *See, e.g.,* Romandine v. United States, 206 F.3d 731, 734-35 (7th Cir. 2000) (noting the limitations on a district judge's power to revise a sentence after its imposition). Thus, even if this Court were inclined to direct that the state and federal sentences be served concurrent, the Court would not have the authority to do so.

Although this Court has no power to amend Blackwell's sentence to direct that the state and federal sentences be served concurrent, the Federal Bureau of Prisons has the power to have the state facility designated nunc pro tunc as the place of federal confinement so that Blackwell could gain credit against his federal sentence for the time served in the state facility. Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990). In Barden, the United States Court of Appeals for the Third Circuit noted that the decision whether to make the nunc pro tunc designation is within the discretion of the Bureau of Prisons, but that it has at a minimum an obligation to look at a prisoner's case and make a decision as to whether to make the nunc pro tunc designation. Id. *See also* Romandine, 206 F.3d at 738 (holding same).

In addition to holding that the Bureau of Prisons has the authority to designate a state facility as a place of federal confinement, the court in Barden held that the district courts have the authority to compel the Bureau of Prisons to pass upon a request for a nunc pro tunc designation. Barden, 921 F.2d at 478. *See also* Romandine, 206 F.3d at 738 (holding that a legal error in the Bureau of Prisons' exercise of power is subject to review in the district courts). However, the means by which review may be had in the district courts is pursuant to 28 U.S.C. § 2241, the writ of habeas corpus. Romandine, 206 F.3d at 738. *See also* Barden, 921 F.2d at 478 (holding that federal prisoner is entitled to a writ of habeas corpus to compel the Bureau to consider his case).

The documents that Blackwell has filed in support of his Motion demonstrate that he has requested of the Bureau of Prisons that they provide him with the proper amount of jail credit. Based on these requests, the Bureau of Prisons has concluded that he has been credited with the proper amount of jail credit. Neither Blackwell's documents, nor the Bureau of Prisons' documents speak specifically in terms of a nunc pro tunc designation. However, the Bureau of Prisons' response to Blackwell's request includes the statement that time spent by Blackwell in the state facility "is not eligible to be granted on your federal sentence." (Def.'s Supp., Doc. 291-2.) This statement may reflect a lack of understanding by the prison officials with respect to their ability to make the nunc pro tunc designation. However, this Court is not in a position to examine the Bureau of Prisons' conclusion.

As this Court noted in its Order entered June 12, 2008, this Court does not have jurisdiction to review the decision of the Bureau of Prisons in Blackwell's case:

> A challenge to the calculation of a term of imprisonment is a challenge to the execution of the sentence. Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)

>   (challenges to execution of a sentence include computation of a prisoner's sentence by prison officials). Challenges to the execution of a sentence are brought pursuant to 28 U.S.C.A. § 2241, in the district where the prisoner is incarcerated. *See* Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). Thus, Blackwell's challenge to the execution of his sentence must be brought in the district court having territorial jurisdiction over Edgefield, South Carolina, where he is presently incarcerated.

(Order of June 12, 2008 at 2.) The record reflects that Blackwell is still incarcerated in Edgefield, South Carolina. Thus if he desires to bring a challenge to the Bureau of Prisons' calculation of his sentence, and specifically its failure to consider his request for a nunc pro tunc designation, his remedy lies in the district court having territorial jurisdiction over Edgefield, South Carolina, not this Court.

In sum, this Court lacks jurisdiction to address Blackwell's challenge as to whether the Bureau of Prisons properly considered his request for a nunc pro tunc designation. Insofar as he seeks such a review, his Motion is dismissed. Moreover, this Court has no authority to amend Blackwell's sentence to make his federal and state terms concurrent. Insofar as his Motion seeks such relief, it is denied. Accordingly, the Motion for Reconsideration (Doc. 284), as amended (Doc. 291), is dismissed, in part, and denied, in part.

**SO ORDERED**, this the 26th day of March, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, Senior Judge**